56 F.3d 75
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gabriel SARABIA, Defendant-Appellant.
 No. 94-10221.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 12, 1995.
Decided May 31, 1995.
 
 Before CUMMINGS,* SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gabriel Sarabia was convicted after a jury trial of possession of methamphetamine with intent to distribute it and conspiracy to do the same in violation of 21 U.S.C. Sec. 841(a)(1). He appeals the district court's denial of his pre-trial motion regarding the destruction of an audiotape by an agent named Martinez from the Drug Enforcement Administration (DEA). Sarabia also appeals the court's denial of his post-conviction motion to contact the jurors in order to determine whether they had been improperly influenced by exposure to a non-testifying government witness who was present during the trial in a witness room next to the courtroom. We have jurisdiction, 28 U.S.C. Sec.1291, and we affirm.
 
 
 3
 Martinez testified during a pre-trial evidentiary hearing regarding the destroyed evidence that he had recorded numerous telephone conversations with Sarabia in which sales of methamphetamine and other controlled substances were discussed. Two of these conversations, which Martinez testified were brief exchanges--one to determine Sarabia's whereabouts and the other to confirm Martinez' imminent arrival to consummate the transaction--were recorded on a single audiotape. Martinez testified that he placed this audiotape in his desk drawer and, after Sarabia had been arrested, recorded information from a different investigation over the conversations from this case. He stated that he thought the government had sufficient evidence to convict Sarabia without the additional information provided on the audiotape.
 
 
 4
 The district court found that Martinez had not acted in bad faith in erasing the audiotape and thus refused to dismiss the indictment or suppress Martinez' testimony, although he did permit defense counsel to cross-examine Martinez regarding his actions. We review the district court's ruling for abuse of discretion. United States v. Belden, 957 F.2d 671, 674 (9th Cir.), cert. denied, 113 S. Ct. 234 (1992).
 
 
 5
 The government's failure to preserve potentially exculpatory evidence requires a remedy only if the defendant can demonstrate bad faith on the part of the government actors, Arizona v. Youngblood, 488 U.S. 51, 58 (1988), and prejudice as a result of the loss of evidence. United States v. Loud Hawk, 628 F.2d 1139 (9th Cir. 1979) (en banc), cert. denied, 110 S. Ct. 1279. Mere negligent conduct on the part of the government may not mandate a remedy, especially if the defendant's rights are not prejudiced. United States v. Tercero, 640 F.2d 190, 193 (9th Cir.), cert. denied, 449 U.S. 1084 (1980).
 
 
 6
 Sarabia, who contends that the destroyed audiotape might have supported an entrapment defense, has established neither that the government acted in bad faith nor that he suffered prejudice as a result. Sarabia had not yet asserted that he planned to plead entrapment at the time Martinez erased the audiotape, and nothing else suggests that the agent acted in bad faith. The district court correctly concluded that Sarabia failed to meet his burden of demonstrating bad faith on the government's part.
 
 
 7
 Moreover, Sarabia has offered no facts in support of his conclusory statement that conversations contained on the destroyed audiotape might have supported an entrapment defense. Absent such facts his allegation that the destruction of the audiotape caused him prejudice is sheer speculation. See United States v. Benedict, 647 F.2d 928, 933 (9th Cir.) (allegations regarding value of destroyed evidence cannot be merely speculative), cert. denied, 454 U.S. 1087 (1981); see also Tercero, 640 F.2d at 192-193 (the nature and probable weight of the factual inferences possible from the destroyed evidence are relevant to a determination of prejudice). Sarabia's claim of prejudice also is belied by the fact that the district court afforded him the opportunity to cross-examine Martinez at length about the destruction of the audiotape. See Belden, 957 F.2d at 674 (ability to cross-examine lessens potential prejudice to defendant). Thus the district court did not abuse its discretion in refusing to dismiss the indictment or otherwise sanction the prosecution for what it found to be negligent destruction of evidence whose value was highly speculative.
 
 
 8
 Sarabia also challenges on appeal the district court's failure to allow post-conviction contact with the jurors in order to determine whether they spotted the confidential informant in the courthouse. The informant, whom the government brought to the courtroom in the event the defense wished to examine him, was situated in a witness room adjacent to the courtroom where the trial was conducted; according to an uncontroverted affidavit filed by defense counsel, after the trial one juror asked why the confidential informant had not testified and indicated that the jury had spotted and identified him in the witness room. Sarabia asked the district court to allow him to submit juror interrogatories asking the jurors whether they had in fact seen the informant and the nature of that sighting, and now submits that the court's refusal requires reversal and a new trial. We review these contentions for abuse of discretion. United States v. Maree, 934 F.2d 196, 201 (9th Cir. 1991).
 
 
 9
 Sarabia argues that the sighting of the confidential informant constituted extraneous material, which under case law of this Circuit requires reversal if there is a "reasonable possibility" that the material could have affected the verdict. Id. He contends that exposure to the confidential informant's physical presence would allow the jury to evaluate the informant's credibility and veracity. Whether this exposure is characterized as extraneous material or as an ex parte contact, for which the defendant must demonstrate actual prejudice in order to obtain a new trial, id., we conclude that it does not require reversal. A Monday-morning quarterback might dispute the government's decision to situate the confidential informant in proximity to the courtroom; but under the circumstances, where no communication other than a fleeting glimpse (and an unconfirmed one at that) took place, we think it was harmless.
 
 
 10
 The district court's rulings, both pre- and post-trial, are AFFIRMED.
 
 
 
 *
 Honorable Walter J. Cummings, United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3